14458.    DAVIS, director-general, *v.* OLLIFF.

The killing of the plaintiff's husband by the railway-train when he was sitting on the end of a cross-tie of the track appears from the evidence to have been due to his own negligence; the presumption of negligence on the part of the defendant was fully rebutted, and the verdict for damages was unauthorized. The trial judge therefore erred in overruling the motion for a new trial.

DECIDED OCTOBER 3, 1923. REHEARING DENIED NOVEMBER 14, 1923.

Damages; from Bulloch superior court—Judge Park presiding. February 24, 1923.

Application for certiorari was denied by the Supreme Court.

*A. S. Bradley*, for plaintiff in error.

· *F. A. Tuten, Travis & Travis,* contra.

LUKE, J. In this case the director-general of railways, operating the Central of Georgia Railway Company, was sued for damages for the alleged negligent homicide of the husband of the plaintiff. It was alleged, that at the time he was killed he was sitting on a cross-tie of the railroad company, ill and unconscious, and that he was seen a sufficient distance away and a sufficient time before he was struck, by the engineer and fireman in charge of the engine drawing the train which killed him, to have brought the train to a stop before reaching him, but that the engineer made no effort to check the speed or stop the train until after it had struck and killed him; that the engineer did not use any means or make any effort to keep from running down and killing him, and could have avoided the injury by slowing and stopping the train if he had tried to do so; that he never gave warning of the approach of the train by either blowing the whistle or ringing the bell on the engine or otherwise. The petition alleged that the plaintiff's husband, on the day of his death, was returning on foot to his boarding place and, in doing so, walked along by the side of the railroad-track, and that, while so returning and walking along said railroad-track and at a distance of about three quarters of a mile from a station, he became suddenly ill and unconscious, and while in this condition sat down upon the end of a cross-tie forming a part of the main track of the Central of Georgia Railway Company. The negligence alleged to be the proximate cause of the death was: (1) in not bringing said train to a stop before striking said Olliff after seeing him ill and helpless on said track; (2) in not using every means in their power to prevent striking said Olliff after seeing him on said track; (3) in not giving warning of the approach of said train by blowing the whistle thereof before striking said Olliff, and in not blowing said whistle when far enough from said Olliff to warn him of the approach of said train in time for him to escape the danger; (4) in not ringing the bell on said engine before striking said Olliff, and in not ringing said bell when far enough away to warn said Olliff of the approach of

said train in time for him to escape the danger. The plaintiff alleges that such acts of negligence upon the part of the engineer and agents of the director-general in charge of the engine have injured and damaged her, and that therefore she brings this suit. The trial of the case resulted in a verdict in favor of the plaintiff, and the motion for new trial, upon the usual general grounds, and upon several special grounds, was overruled by the court.

A careful examination of the evidence in this case is convincing that the verdict was unauthorized. Each act of negligence alleged to be the proximate cause of the death of the plaintiff's husband is disproved by uncontradicted evidence. The presumption arising against the railway company by law is completely overcome by the positive, uncontradicted, and unimpeached proof. The evidence forces the conclusion that the plaintiff's deceased husband, in an intoxicated condition, walked along the line of the track of the railway company, and deliberately sat down on the end of a cross-tie at a distance some three quarters of a mile away from a station or a public crossing, in the nighttime, in utter disregard of his safety; and at the time the engine struck him he had in his pocket bottles containing whisky, which were broken, and the whisky saturated a part of his clothing and person. The evidence is positive that the engineer in charge of the engine was on the alert and lookout, and that upon discovering the object on the cross-tie,—the plaintiff's husband, leaning over with his head between his knees while sitting on the end of the cross-tie,—he immediately applied his brakes and blew the whistle, and the fireman began ringing the bell on the engine. The testimony is that the brakes used on the engine and train were perfect in operation, and that other aids, such as the sanding of the track, were employed by the engineer in stopping the train. It was further shown without contradiction that the train was not running at an unusual, reckless, or negligent rate of speed. The train was on time, carrying all improved equipment for its handling and throwing its headlight properly along the rails, and was where it had a right to be, and the deceased husband of the plaintiff was on the track of the railroad company, where he had no right to be and was by law a trespasser. The allegations of negligence upon which the plaintiff bases her right to recover were, without question, met by positive, uncontradicted proof. There was no proof which would have authorized

the jury to believe that the plaintiff's husband was taken suddenly ill and, while unconscious from such sudden illness, sat on the end of the cross-tie, as alleged in the petition.   There was some proof that at a time ranging months back he had been treated by a doctor for some sort of kidney trouble, but these circumstances would not have been sufficient to authorize a jury to find, as a matter of fact, that her deceased husband sat upon the cross-tie because he had become suddenly ill and unconscious.   The facts and circumstances attending the homicide of the plaintiff's husband are without contradiction, and are conclusive that he was killed by reason of his own gross negligence and lack of ordinary care, and not by any negligence of the servants or agents of the railway company.   See *Parish* v. *W. & A. R. Co.,* 102 *Ga.* 285 (29 S. E. 715, 40 L. R. A. 364), and cases cited.   Since it was error to overrule the motion for a new trial upon the general grounds, the special grounds are not considered.

*Judgment reversed.   Broyles, C. J., and Bloodworth, J., concur.*